United States District Court, Southern District of New York.

GENE ARNOLD, Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU., Defendant.

17CV 315

January 6, 2017.

Trial by Jury Demanded

Original Complaint for Violations of the FCRA

GENE ARNOLD, Resident Bronx, <u>347-666-1822</u>.

*JURISDICTION*

1. This court has jurisdiction under <u>15 U.S.C. §1681p</u> and <u>28 U.S.C §1331</u>.

2. All conditions precedent to the bringing of this action have been performed.

*PARTIES*

3. The Plaintiff in this lawsuit is GENE ARNOLD, a natural person, who resides BRONX County, USA.

4. The Defendant in this lawsuit is FIRST NATIONAL COLLECTION BUREAU. a Foreign Limited Liability Co. with offices at ▇▇▇ 610 Waltham Way Mccarran, NV 89434.

*VENUE*

5. The occurrences which give rise to this action occurred in BRONX County, USA and

Plaintiff resides in BRONX County, USA.

6. Venue is proper in the Southern District of New York.

*GENERAL ALLEGATIONS*

7. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies and

found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been obtained on various occasions by

various entities he did not recognize and without his consent.

9. Plaintiff found after examination of his Experian consumer credit report that Defendant

RECEIVED SDNY DOCKET UNIT 2017 JAN 13 PM 3: 27

FIRST NATIONAL COLLECTION BUREAU had obtained Plaintiff's Trans Union consumer credit report

on March 17, 2015; August 27, 2014; and August 26, 2014; and Jun 09, 2014

FIRST NATIONAL COLLECTION BUREA. obtained Plaintiff's TRANS UNION

consumer credit report in 2014-2015.

10. Discovery of violation brought forth herein occurred in December 31 of 2016 and is within the

statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

*Count I*

VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-

COMPLIANCE BY DEFENDANT FIRST NATIONAL COLLECTION BUREAU.

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. Experian and TransUnion are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant FIRST NATIONAL COLLECTION BUREAU.

18. At no time did Plaintiff give his consent for Defendant FIRST COLLECTION BUREAU, to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account *(other than an occasional or incidental credit balance in an open end credit plan as defined in section*

*103(i) of this Act),* as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. *The definition of "account" clearly does not include an account such as a credit card open end credit account* but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. In March 17th 2015, August 27, 2014 and August 26, 2014 Defendant FIRST NATIONAL COLLECTION BUREAU. obtained the Trans Union consumer credit report for the Plaintiff and in obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account FIRST NATIONAL COLLECTION BUREAU. could claim to have with his and is positive he had no account with FIRST NATIONAL COLLECTION BUREAU. which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant FIRST NATIONAL COLLECTION BUREAU. obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, FIRST NATIONAL COLLECTION BUREAU. for statutory damages of $3000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

*DEMAND FOR TRIAL BY JURY*

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

GENE ARNOLD

Respectfully Submitted,
GENE ARNOLD

MAILING ADDRESS:

C/O 110-01 34TH AVENUE

CORONA, NY 11368

GENEARNOLD456@GMAIL.COM

3476661822

Service to:

FIRST NATIONAL COLLECTION BUREAU

610 WALTHAM WAY

MCCARRAN, NV 894354

775-322-0444

First National Collection Bureau, Inc
610 Waltham Way
McCarran, NV 89434
678-740-0507

C/O 110-01 34TH AVENUE
CORONA, NY 11368



U.S. POSTAGE PAID
CORONA, NY
11368
JAN 11, 17
AMOUNT
$0.21
R2305K134428-05



RECEIVED
SDNY DOCKET UNIT
2017 JAN 13 PM 3:23



PRO SE INTAKE UNIT
UNITED STATES COURT HOUSE
500 PEARL STREET, ROOM 200
NEW YORK, NY 10007